UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| AQUA-LEISURE INDUSTRIES, INC., <br> Plaintiff, <br><br> v. <br><br> ATICO INTERNATIONAL USA, INC. and <br> CVS CORPORATION, <br> Defendants | C.A. No. 04-cv-11589-MLW |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

This is a complaint by plaintiff, Aqua-Leisure Industries, Inc., against defendants Atico International USA, Inc. and CVS Corporation for, *inter alia*, trademark infringement in violation of the Lanham Act, 15 U.S.C. §1125, and related state law claims. Aqua-Leisure's claims arise as a result of the blatant, intentional and wrongful misappropriation of Aqua-Leisure's protected intellectual property by Atico, a competitor of the plaintiff, and CVS, a retailer who previously purchased products from Aqua-Leisure.

## PARTIES

1. Aqua-Leisure Industries, Inc. is a Massachusetts corporation with a principal place of business at 535 Bodwell Street, Avon, Massachusetts 02322 ("Aqua-Leisure").

2. Defendant, Atico International USA, Inc., is, upon information and belief, a Florida corporation with a principal place of business at 501 S. Andrews Avenue, Ft. Lauderdale, Florida 33302 ("Atico").

3. Defendant, CVS Corporation, is, upon information and belief, a Rhode Island corporation with a principal place of business of One CVS Drive, Woonsocket, Rhode Island

02895 ("CVS").

## JURISDICTION

4. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. § 1338(a) and (b).

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C.§1391(b) and (c).

## FACTS

6. Aqua-Leisure is in the business of selling a variety of water sports and recreation goods for children and adults, including, without limitation, inflatable floats, swim vests, masks, snorkels, fins, and beach and pool games.

7. Aqua-Leisure sells its goods throughout the United States and elsewhere through mass market retailers such as Wal-Mart, Walgreens, Toys 'R Us, Target, Eckerd, as well as other retailers.

8. Aqua-Leisure sells a line of products under its federally registered mark "SWIMSCHOOL"® that are designed to assist children to learn to swim. The "SWIMSCHOOL"® series is designed in three levels, and as a child becomes competent with the first level, he or she then moves onto the next level. Under its unregistered Level One logo, Aqua-Leisure sells inflatable seats and/or boats under its federally registered mark "BABYBOAT"®. Under its unregistered Level Two logo, Aqua-Leisure sells swim vests, training suits, and inflatable boats. Under its unregistered Level Three logo, Aqua-Leisure sells arm floats under its federally registered mark "EASY-FIT"® as well as kickboards.

9. Aqua-Leisure has been selling its SWIMSCHOOL® line of products for more than ten (10) years, and it is one of Aqua-Leisure's best selling lines.

10. On information and belief, CVS is predominately in the business of operating pharmacies and retail stores throughout the country, including hundreds of such stores within this District.

11. Until 2004, CVS purchased Aqua-Leisure's SWIMSCHOOL® line of products and offered those products for sale at its retail stores throughout the country, including within this District.

12. Atico is, upon information and belief, predominately in the business of importing and selling to retailers a variety of products, including recreational water sport products.

13. Aqua-Leisure has learned that Atico has imported and sold to CVS, in this District and throughout the United States, various water sports products that infringe upon Aqua-Leisure's protected intellectual property with respect to its SWIMSCHOOL® products.

14. In particular, the defendants currently offer for sale and/or advertise at CVS stores, within this District and throughout the United States, inflatable floats for use by children under the marks "Swim Class", "Baby Boat" and "Level 1," inflatable swim vests for use by children under the marks "Swim Class" and "Level 2," and inflatable arm bands for use by children under the marks "Swim Class," "Easy Fit" and "Level 3."

15. These products are strikingly similar to Aqua-Leisure's SWIMSCHOOL® products and infringe upon Aqua-Leisure's rights in its protected intellectual property, including its incontestable federally registered marks "SWIMSCHOOL" ® (U.S. Reg. No. 1,704,286 and 1,787,560), "BABYBOAT"® (U.S. Reg. No. 1,825,867), and "EASY-FIT"® (U.S. Reg. No. 1,906,688), and its unregistered marks "Level One," "Level Two" and "Level Three."

16. On information and belief, Atico adopted the marks set forth above in connection

with its products as part of a carefully contrived scheme to usurp the goodwill Aqua-Leisure has developed through its use of its various trademarks in connection with its quality "SWIMSCHOOL"® products.

17. Because CVS sold Aqua-Leisure's SWIMSCHOOL® line of products for several years through 2003, there can be no doubt that CVS is well aware of Aqua-Leisure's protected intellectual property, and has intentionally infringed upon the intellectual property by offering fo sale Atico's products.

18. The defendants' use of the "Swim Class," "Baby Boat," "Easy Fit," "Level 1," "Level 2," and "Level 3" designations in connection with inflatable swim products is likely to cause confusion or mistake as to source, sponsorship, or affiliation.

19. Unless the defendants' conduct is enjoined, Aqua-Leisure will suffer irreparable harm.

20. On or about July 21, 2004, Aqua-Leisure sent a letter to CVS demanding that it cease and desist its infringing activities. To date, CVS has not responded to that demand letter.

## COUNT I
### Federal Lanham Act - Trademark Infringement

21. The foregoing paragraphs of the amended complaint are hereby incorporated by reference and made a part hereof.

22. Plaintiff's marks "SWIMSCHOOL"®, "BABYBOAT"®, "EASY-FIT"®, "Level One," "Level Two" and "Level Three" are registered and/or unregistered marks protected under the federal Lanham Act.

23. Plaintiff developed, adopted and began using in commerce its marks

"SWIMSCHOOL"®, "BABYBOAT"®, "EASY-FIT"®, "Level One," "Level Two" and "Level Three" before the defendants adopted and began using in commerce their confusingly similar marks.

24. The plaintiff has not authorized the defendants to make the above-described uses of its marks.

25. Upon information and belief, the defendants acted knowingly and intentionally in misappropriating the plaintiff's marks, in an effort to trade off the goodwill developed by the plaintiff.

26. Defendants' actions constitute infringement of the plaintiff's marks by the use of marks that are likely to cause confusion or mistake as to source, sponsorship, or affiliation in violation of the federal Lanham Act, 15 U.S.C. § 1125.

27. As a result of the actions of the defendants, plaintiff Aqua-Leisure has and will continue to suffer irreparable harm, and has been severely damaged.

## COUNT II
### Massachusetts State Law - Common Law Unfair Competition

28. The foregoing paragraphs of the amended complaint are hereby incorporated by reference and made a part hereof.

29. The defendants have intentionally and wilfully committed unfair competition as a result of the acts as aforesaid.

30. As a result of the actions of the defendants, plaintiff Aqua-Leisure has and will continue to suffer irreparable harm, and has been severely damaged.

## COUNT III
### Trademark Infringement Under Massachusetts Law

31. The foregoing paragraphs of the amended complaint are hereby incorporated by reference and made a part hereof.

32. Plaintiff developed, adopted and began using in Massachusetts and in interstate commerce its "SWIMSCHOOL"®, "BABYBOAT"®, "EASY-FIT"®, "Level One," "Level Two" and "Level Three" marks before the defendants adopted and began using in Massachusetts and in interstate commerce their confusingly similar marks.

33. The plaintiff has not authorized the defendants to make the above-described uses of its marks.

34. Upon information and belief, the defendants acted knowingly and intentionally in misappropriating the plaintiff's marks, in an effort to trade off the goodwill developed by the plaintiff.

35. Defendants' actions constitute infringement of the plaintiff's marks in violation of M.G.L. c. 110B by the use of marks that are likely to cause confusion or mistake as to source, sponsorship, or affiliation.

36. As a result of the actions of the defendants, plaintiff Aqua-Leisure has and will continue to suffer irreparable harm, and has been severely damaged.

## COUNT IV
### Massachusetts State Law; Violation of G.L. c. 93A

37. The foregoing paragraphs of the amended complaint are hereby incorporated by reference and made a part hereof.

38. Aqua-Leisure, Atico and CVS are engaged in commerce in the Commonwealth of

Massachusetts.

39. The acts by the defendants as aforesaid constitute unfair or deceptive acts or practices.

40. The actions by the defendants have caused injury to Aqua-Leisure primarily and substantially in Massachusetts.

41. The defendants have committed these unfair or deceptive acts or practices wilfully or knowingly.

42. As a result of the actions of the defendants, plaintiff Aqua-Leisure has and will continue to suffer irreparable harm, and has been severely damaged.

WHEREFORE, the plaintiff, Aqua-Leisure Industries, Inc., hereby requests that this Court, after hearing:

1. Enter judgment in Aqua-Leisure's favor on all Counts;

2. Issue a preliminary injunction prohibiting Atico and CVS, as well as their employees, agents, representatives, and those acting in concert with them, from using the marks "Swim Class," "Baby Boat," and/or "Easy Fit," and/or the designations "Level 1," "Level 2," and/or "Level 3," or any other mark or designation that is confusingly similar to Aqua-Leisure's "SWIMSCHOOL"®, "BABYBOAT"®, "EASY-FIT"®, "Level One," "Level Two," and/or "Level Three" marks, in connection with the advertising, marketing and/or offering for sale of any inflatable water products;

3. Issue a permanent injunction prohibiting Atico and CVS, as well as their employees, agents, representatives, and those acting in concert with them, from using the marks "Swim Class," "Baby Boat," and/or "Easy Fit," and/or the designations "Level 1," "Level 2," and/or

"Level 3," or any other mark or designation that is confusingly similar to Aqua-Leisure's "SWIMSCHOOL"®, "BABYBOAT"®, "EASY-FIT"®, "Level One," "Level Two," and/or "Level Three" marks, in connection with the advertising, marketing and/or offering for sale of any inflatable water products;

4. Order the destruction of all infringing products;

5. Award Aqua-Leisure its damages and/or order the defendants to disgorge the profits they have derived from their wrongful acts;

6. Award Aqua-Leisure multiple damages, interest, costs and attorneys' fees; and

7. Award such other relief as the Court deems just.

## JURY DEMAND

Aqua-Leisure Industries, Inc. hereby demands a trial by jury on all claims so triable.

AQUA-LEISURE INDUSTRIES, INC.
By its attorneys,

*/s/ Thomas E. Kenney*
Robert R. Pierce (BBO#549172)
Thomas E. Kenney (BBO#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444